UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNA M. PERKIN
and AMY L. GISH,

       Plaintiffs,

v.

       Case No. 19-13054
       District Judge Victoria A. Roberts
       Mag. Judge R. Steven Whalen

JACKSON PUBLIC SCHOOLS,

       Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF No. 12]

**I.    INTRODUCTION**

Joanna Perkin ("Perkin") and Amy Gish ("Gish," collectively "Plaintiffs") are teachers who filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Jackson Public Schools ("Jackson Schools").

Perkin and Gish allege that Jackson Schools violated their Fifth and Fourteenth Amendment rights by failing to adequately respond to violence, hostility, and abuse endured in their work environment at an at-risk school called "Fourth Street Learning Center" ("FSLC") within Jackson Schools.

1

Additionally, Perkin brings a Family and Medical Leave Act ("FMLA") rights claim. She says Jackson Schools violated her FMLA rights when it delayed approving her request for FMLA.

Before the Court is Jackson School's Motion for Summary Judgment. [ECF No. 12]. The Court finds there is no genuine dispute of material fact regarding whether Jackson Schools violated Perkin and Gish's constitutional rights under § 1983 and Perkin's FLMA rights.

The Court **GRANTS** Jackson School's Motion.

## II. BACKGROUND

Perkin and Gish are teachers employed by the Jackson Schools. Both had been employed with the school district since 1999.

In August 2017, Perkin and Gish voluntarily accepted positions at FSLC, an alternative education program that provides specialized attention to sixth, seventh, and eighth grade students with academic, social, and/or emotional behavioral issues.

Perkin and Gish allege that Jackson Schools created a hostile and unsafe work environment at FSLC by refusing to provide adequate security pursuant to its policies and bylaws. They say that Jackson Schools ignored repeated requests for security assistance needed to protect the emotional,

mental, and physical well-being of faculty, staff, and children. Perkin and Gish allege that FSLC students: (i) broke windows and threatened teachers with glass shards; (ii) threw chairs in the classroom; (iii) punched and threw computer terminals; (iv) engaged in repeated fights and disruptions; (v) taunted and bullied teachers; (vi) called teachers and other students expletive names; and (vii) sexually assaulted other students.

Perkin requested FMLA leave shortly after the start of the 2018-2019 academic year; she suffered from major depression and a generalized anxiety disorder. Perkin provided documentation from her health care provider that outlined her medical issues. Upon receipt of the form, Jackson Schools immediately notified Perkin that it required a second medical opinion before it could approve her FMLA leave request.

Jackson Schools doubted the validity of Perkin's request because: (i) she made a request for leave early in the academic year; (ii) a new principal with a different managerial style began working at FSLC; and (iii) Perkin fraternized "with several other employees in the building and in the district who are also on [medical] leave absences and unlike other employees, Perkin does not have a well-documented and thoroughly validated history of physical limitations/restrictions and mental instability." [ECF No.12-14, PageID. 126]. Jackson Schools gave these reasons to Perkin in a letter and

3

scheduled an appointment for her with a private practice physician, Dr. Harvey Ager.

Dr. Ager did not give a medical opinion because Perkin "proved to be extremely hostile and uncooperative." [Sealed Exhibit P]. Nonetheless, Jackson Schools approved Perkin for FMLA leave on January 10, 2018, effective through January 15, 2019. It also advised Perkin that she was eligible for an additional one-year leave of absence under her collective bargaining agreement. Perkin applied for the one-year leave shortly before the expiration of her FMLA leave. Jackson Schools eventually gave approval after she provided Jackson Schools with valid medical certification. The leave was applied retroactively; it extended Perkin's leave until January 15, 2020.

**III.   LEGAL STANDARD**

Fed. R. Civ. P. 12(c) states "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The Court reviews a Rule 12(c) motion under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001).

Fed. R. Civ. P. 12(d) states that if matters outside the pleadings are presented to and not excluded by the court on a motion under Rule 12(b)(6)

4

or 12(c), it must be reviewed under the same standard as a summary judgment under Fed. R. Civ. P. 56.

When a party is aware that material outside the pleadings has been presented to the court, the party is on notice that the Rule 12(b)(6) motion may be treated as a motion for summary judgment. *Wright v. Holbrook,* 794 F.2d 1152, 1156 (6th Cir. 1986) (citation omitted); *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 393 (6th Cir. 1975) (court not required to provide notice of intent to treat Rule 12(b)(6) motion as a Rule 56 motion where movant filed affidavits with motion and opposing party made no effort to exclude affidavits and instead responded with its own).

Perkin and Gish were on notice that Jackson School's motion may be treated as one for summary judgment. In fact, they explained to the Court that Jackson Schools effectively moved for summary judgment because it submitted materials outside the pleadings to support its motion. Perkin and Gish responded to Jackson School's allegations and filed additional materials, such as affidavits, emails, text messages, and records in support of their opposition to Jackson School's motion.

Accordingly, the Court analyzes Jackson School's motion under Fed. R. Civ. P. 56.

Under Fed. R. Civ. P. 56(a), "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden to inform the Court of the basis for its motion; it must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies its burden, the non-moving party must set forth specific facts showing a genuine issue for trial. *Id.* at 324. Unsupported, conclusory statements are insufficient to establish a factual dispute to defeat summary judgment, as is the "mere existence of a scintilla of evidence in support of the [non-movant's] position"; the evidence must be such that a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009).

In deciding a summary judgment motion, the Court "views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court need only consider the cited materials, but it may consider other evidence in the record. Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the

6

truth of the matter but to determine whether there is a genuine issue for trial."
*Liberty Lobby*, 477 U.S. at 249.

IV. **ANALYSIS**

The Court empathizes with the conditions that Perkin and Gish say faculty and students endured at FSLC; however, they fail to allege constitutional violations under § 1983.

Jackson Schools argue: (1) the Due Process Clause does not guarantee teachers a safe workplace, and a school's failure to protect teachers does not implicate the Due Process Clause; and (2) under § 1983, schools are liable only if the violation was caused by an official school policy, practice or custom. Additionally, Jackson Schools states Perkin's FMLA interference claims should be dismissed because the school later approved her leave.

In response, Plaintiffs contend: (i) schools must provide a safe workplace for teachers; and (ii) Jackson's conduct "shocks the conscience" and implicates the Due Process clause. Additionally, Perkin contends Jackson Schools interfered with her FMLA claim by failing to follow mandated procedures.

**A. Plaintiffs Fail to Allege a § 1983 Claim**

Perkin and Gish allege that Jackson Schools violated their Due Process rights under the Fifth Amendment in continued employment, and under the Fourteenth Amendment because it failed to protect students, teachers, and staff from violence in the workplace pursuant to the school's bylaws and policies. Jackson Schools does not dispute it acted under color of law, but it denies any constitutional violation.

"To state a cause of action under § 1983, a plaintiff must allege the deprivation of a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).

42 U.S.C. § 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

§ 1983 provides a remedy "for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The Court carefully reviews Perkin and Gish's due process claims "because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Upsher v. Grosse Pointe Public School System*, 285 F.3d 448, 452

8

(6th Cir. 2002) (citing *Collins,* 503 U.S. at 125). "It is important, therefore, to focus on the allegations in the complaint to determine how [the plaintiff] describes the constitutional right at stake and what the [governmental actor] allegedly did to deprive [the plaintiff] of that right." *Upsher*, 285 F.3d at 452 (citation omitted).

### 1. Jackson Schools Did Not Violate Plaintiffs' Fifth Amendment Rights

Plaintiffs allege Jackson Schools interfered in their continued employment as guaranteed by the Fifth Amendment. Jackson Schools says Perkin and Gish fail to state a claim for two reasons: (1) the Due Process Clause of the Fifth Amendment restricts only the actions of the federal government and (2) Perkin and Gish do not have a property interest in future employment.

Although Perkin and Gish did not reply to this argument, the Fifth Amendment's due process clause "only prohibits due process violations by the federal government." *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 n.3 (6th Cir. 2007). Thus, a Fifth Amendment claim is inapplicable to the defendants; they are all non-federal government entities.

### 2. Jackson Schools Did Not Violate Plaintiffs' Fourteenth Amendment Rights

9

Perkin and Gish allege their § 1983 claim is based upon the Due Process Clause of the Fourteenth Amendment, specifically the substantive component that protects against deliberate decisions of government officials to "deprive any person of life, liberty, or property, without due process of law...." U.S. CONST. amend. XIV, § 1. Jackson Schools says it did not violate Perkin and Gish's Due Process Rights because they have no right to a safe workplace.

In *DeShaney*, the Court stated:

> The [Due Process Clause] is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means. Nor does history support such an expansive reading of the constitutional text.

*DeShaney v. Winnebago Cty. Dep't of Soc. Servs.,* 489 U.S. 189, 195 (1989).

A government employer's failure to warn its employees about known hazards in the workplace does not violate the Fourteenth Amendment Due Process Clause, even if such a failure may be actionable under state law. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 117 (1992); *Webb v. McCullough*, 828 F.2d 1151, 1158 (6th Cir. 1987). "Nor does [the Due

Process Clause] guarantee [government] employees a workplace that is free of unreasonable risks of harm" or "against incorrect or ill-advised personnel decisions." *Collins*, 503 U.S. at 129 (citing *Bishop v. Wood,* 426 U.S. 341, 350 (1976)). The decision whether or not to fund extra security personnel is one that should be made by Jackson Schools, not this Court. *See Collins*, 503 U.S. at 128-29.

Perkin and Gish base their claim that Jackson Schools violated a federal constitutional right to provide its employees with minimal levels of safety and security almost entirely on Michigan state law. Michigan law does say schools have specific duties to keep teachers safe. *Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*, 487 Mich. 349, 352 (2010). But, this is insufficient for a § 1983 claim, which only allows Perkin and Gish to obtain damages for violations of the U.S. Constitution and federal statutes.

Perkin and Gish allege that Michigan school districts have a duty to create a safe and effective work environment for teachers. *Id.* However, *Lansing Sch. Educ. Ass'n* addressed whether teachers had standing to sue the school board after officials failed to follow school policy to suspend or expel students for physically assaulting teachers. Importantly, Perkin and Gish do not allege students physically assaulted them. Nor is standing an

11

issue. *Lansing Sch. Educ. Ass'n* is not instructive on the duties to provide a safe workplace for a federal claim.

Next, Plaintiffs allege that *Patterson v. Hudson Area Schools*, 551 F.3d 438,448 (6th Cir. 2009) supports the proposition that schools have an affirmative duty to keep teachers safe. However, *Patterson* is a Title IX case; this is a § 1983 case. *Patterson* is not instructive because Title IX imposes a different standard of liability for Jackson Schools than the Court uses in evaluating Due Process violations.

Federal law does not support a cause of action for due process violations against a school district, even if its workplace is unreasonably dangerous, and the district fails to warn its employees of the danger.

### B. Perkin Fails to Allege an FMLA Violation

Perkin says Jackson Schools interfered with her rights when it required her to obtain a second medical opinion before granting FMLA leave. Perkin alleges that this was a violation of her rights because there was no reason to doubt the validity of her claim.

The FMLA entitles an eligible employee to take twelve weeks of leave per twelve-month period "[b]ecause of a serious health condition that makes

the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2615(a)(1)(D).

The Sixth Circuit recognizes two distinct theories of wrongdoing under the FMLA. *Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 555–56 (6th Cir. 2006). First, an "interference" theory arises from 29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 2614(a)(1), which make it unlawful for employers to interfere with or deny an employee's exercise of her FMLA rights. The statutes also require the employer to restore the employee to the same or an equivalent position when the employee returns. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 400–01 (6th Cir. 2003). Second, a "retaliation" theory arises from 29 U.S.C. § 2615(a)(2); it prohibits an employer from discharging or discriminating against an employee for "opposing any practice made unlawful by" the Act. *Id.*

Perkin asserts a claim under the "interference theory." To state a prima facie claim for interference, Perkin must show: (1) she is an eligible employee; (2) Defendant is a covered employer; (3) she was entitled to leave under the FMLA; (4) she gave Defendant notice of her intent to take leave; and (5) Defendant denied her FMLA benefits to which she was entitled. *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004); *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003).

13

The fifth element of an interference claim can be satisfied by showing that the employer has "somehow used the leave against him and in an unlawful manner, as provided in either the statute or regulations." *Bradley v. Mary Rutan Hosp.*, 322 F. Supp. 2d 926, 940 (S.D. Ohio 2004).

Of relevance to Perkin's dispute is 29 C.F.R. § 825.307. This regulation governs employees who seek leave under the FMLA. Specifically, it allows an employer who has reason to doubt the validity of a medical certification, to require the employee to obtain a second opinion at the employer's expense to determine whether the employee is eligible for FMLA leave. 29 U.S.C. § 2613(c). If the employer chooses to do so, the selected health care provider "may not be employed on a regular basis by the employer." 29 C.F.R. § 825.307(a)(2).

Jackson Schools says it had numerous reasons to doubt the validity of Perkin's claim. It scheduled an appointment for her to receive a second opinion. Even though Jackson Schools could not confirm Perkin's medical status, it nonetheless granted her leave. Perkin's claim that Jackson Schools interfered with her FMLA rights is without merit. Jackson Schools was within its constitutional right to obtain a second opinion.

The Court finds no genuine issues of material fact exist regarding Perkin's FMLA interference claim.

## V. CONCLUSION

Jackson School's motion for summary judgment on Plaintiffs' §1983 and FLMA claims is **GRANTED**. These claims may be potential state tort actions; they do not rise to the level of a federal due process or an FMLA violation.

**IT IS ORDERED**.

                                                s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: March 20, 2020